**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PHILIP BONADONNA, | : | |
| | : | Civil Action No. 12-6258 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| et al., | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Mr. Philip A. Bonadonna
04722-016
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner pro se

David Vincent Bober, Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608
    Attorney for Respondents

**SIMANDLE**, Chief Judge:

   Petitioner Philip A. Bonadonna, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The sole respondent is warden Donna Zickefoose. Respondent filed a Response to the Petition

and exhibits including the administrative record of the case (docket entry 9).  Petitioner did not reply.

Because it appears from a review of the submissions and record that Petitioner does not have jurisdiction under 28 U.S.C. § 2241 to assert his claims, the Petition will be dismissed.

## I. BACKGROUND

Petitioner is currently incarcerated at FCI Fort Dix.  He does not state the specifics of his conviction, only providing that he began serving a 60 year prison term pursuant to a judgment of the United States District Court for the Northern District of Georgia.  (Petition, pages 3-4.)  The Federal Bureau of Prisons ("BOP") has assigned him a Public Safety Factor ("PSF") of "Greatest Severity" under their inmate classification system.  (See Response to Petition, Attachment #1, Declaration of Robin Emmert.)  BOP staff made the decision with respect to Petitioner's classification after reviewing Petitioner's Presentence Investigation Report which stated that Petitioner was "the United States leader of a large-scale drug trafficking [and was] responsible for trafficking 450 pounds of marijuana and 10 kilograms of heroin."  (Id.)

On October 13, 2011, Petitioner initiated a request process at Fort Dix seeking removal of his PSF classification. Petitioner asserts that the PSF classification based on a 30 year old crime should be removed due to his "exemplary prison

behavior." (Petition, page 5.) A PSF classification has no specific time limit. (Response to Petition, Attachment #1, Declaration of Robin Emmert.) (Petition, page 3.) Petitioner asserts that the BOP "abused its discretion when they denied his request to remove his PSF." (Id.)

II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider a petition where the petitioner challenges the fact or duration of his federal sentence, where the petitioner was in custody in New Jersey at the time he filed the Petition, see

3

Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145.

B.  The Petition Will Be Dismissed

Petitioner brings his petition challenging his custody classification.  A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, however, Petitioner's challenge regarding his custody classification or PSF does not affect the fact or the

length of his incarceration. Consequently, habeas relief is unavailable to him.

The Court of Appeals for the Third Circuit has explained that:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Recently, the Court of Appeals for the Third Circuit revisited this issue in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012). In that case, the Court of Appeals reiterated that in order to invoke § 2241 jurisdiction, a petitioner must challenge the execution of his sentence. See Cardona, 681 F.3d at 535 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005))(other citation omitted). While admitting that the "'precise meaning of 'execution of sentence' is hazy," the Court of Appeals specified that: "In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 536-37 (quoting Woodall, supra, at 242)(footnote omitted). Because Cardona's petition did "not concern how BOP is 'carrying out' or

5

'putting into effect' his sentence, as directed in his sentencing judgment," he did not challenge the execution of his sentence, and therefore, there was no § 2241 jurisdiction. Id. at 537.

In the present case, Petitioner's claims plainly involve conditions of prison life, specifically, where he is housed, and not the fact or duration of his incarceration. Nor do they concern or challenge how the BOP is carrying out the mandates of his sentencing judgment. He simply seeks a lower custody classification so that he may reap the benefits of the lower status and is displeased with the BOP decision to deny his request for a change in classification.

Finally, to the extent that Petitioner seeks review by this Court of the BOP's denial of a change in Petitioner's custody level classification, the Court notes that it is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).

Consequently, the petition will be dismissed.

III. <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed for lack of subject matter jurisdiction.  An appropriate order follows.

**November 26, 2013**         **s/ Jerome B. Simandle**
Dated:                              JEROME B. SIMANDLE
                                   Chief U.S. District Judge